# MEMORANDUM DECISIONS.

ABIA v. BOLLERMAN. (Supreme Court, Appellate Division, First Department, April 26, 1907.) Action by Guiseppi Abia against Arthur Bollerman. No opinion. Motion granted. Order resettled.

ADAMS, Respondent, v. SMITH PREMIER TYPEWRITER CO., Appellant. (Supreme Court, Appellate Division, Second Department, April 19, 1907.) Action by William Adams against the Smith Premier Typewriter Company. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

ADLER v. LEVY. (Supreme Court, Appellate Division, First Department. April 26, 1907.) Action by Marcus Adler against Frederick Levy. No opinion. Application denied, with $10 costs. Order signed.

ALBORAK AUTO CO. v. SHUBERT. (Supreme Court, Appellate Term. May 16, 1907.) Appeal from Municipal Court, Borough of Manhattan, Tenth District. Action by the Alborak Auto Company against Jacob J. Shubert. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. William Klein, for appellant. John J. Canavan, for respondent.

PER CURIAM. There is not sufficient evidence in the case to connect the defendant with the transaction which gives rise to the alleged cause of action. The testimony is insufficient to sustain plaintiff's case. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

ALMSTEAD ELECTRIC CO., Respondent, v. PULVER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 8, 1907.) Action by the Almstead Electric Company against Frank E. Pulver and others. No opinion. Motion for reargument denied, with $10 costs and disbursements. Motion for leave to appeal to the Court of Appeals denied.

ANDERSON, Appellant, v. HARRIOT, Respondent. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by William Anderson against Samuel W. Harriot.

PER CURIAM. Judgment affirmed, with costs.

HOOKER, J., dissents.

ARION REALTY CO., Respondent, v. SCHMIDT et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by the Arion Realty Company against William G. Schmidt and another. No opinion. Judgment and order affirmed, with costs, on the authority of Fuhr v. Cronin, 82 App. Div. 210, 81 N. Y. Supp. 536.

AUBURN TELEPHONE CO., Respondent, v. OSBORNE, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 3, 1906.) Action by the Auburn Telephone Company against Eliza W. Osborne. No opinion. Motion denied, without costs, with leave to renew after the determination by the Court of Appeals in Osborne v. Auburn Telephone Company.

BANGEL et al., Appellants, v. HARRIS, Respondent. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Nathan Bangel and another against Nathan Harris. No opinion. Judgment of the Municipal Court affirmed, with costs.

BANK OF NORTH COLLINS, Respondent, v. BROWN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by the Bank of North Collins against M. Fillmore Brown and others. No opinion. Judgment affirmed, with costs.

BARON, Respondent, v. YOKEL, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Louis Baron against Antonie Yokel. No opinion. Judgment affirmed, with costs.

BARUCH, Appellant, v. HAZELTINE, Respondent. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by Bernard M. Baruch against Charles W. Hazeltine. G. H. Crawford, for appellant. E. H. Tatum, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

BASSELIN et al., Appellants, v. LEHMAN, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 8, 1907.) Action by Theodore B. Basselin and another against John Lehman.

PER CURIAM. The defendant's attorney having expressly stated in open court that the defendant would consent to maintain the boom in question with an opening at least 20 feet in width, and not as a closed boom, the order appealed from is reversed, without costs of this appeal to either party, and injunction granted restraining the defendant, during the pendency of this action, from maintaining the boom in question as a closed boom, and from maintaining the same with an opening less than 20 feet in width, upon plaintiffs giving a bond in the